**FILED**
**May 29, 2020**
**10:43 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **MARIA DIAZ GARCIA,** | ) | **Docket No. 2019-05-0530** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **IDEAL CLAMP PRODUCTS, INC.,** | ) | **State File No. 718-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **LIBERTY MUTUAL INS. CO.** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER
## DENYING BENEFITS
### *(DECISION ON THE RECORD)*

---

This case came before the Court on May 22, 2020, for an Expedited Hearing on the record. The central legal issue is whether Ms. Garcia is likely to establish at a hearing on the merits that she is entitled to medical and temporary disability benefits. Because Ms. Garcia failed to present any medical proof that her condition is work-related, the Court holds she is not entitled to the requested benefits.

### History of Claim

While working for Ideal in 2018, Ms. Garcia reported pain in both hands and wrists to her supervisor.[1] Ideal provided medical treatment, but neither party submitted evidence to show whether Ms. Garcia selected any of her providers from a panel of physicians. Regardless, Ms. Garcia began treatment with an occupational medicine group on December 27.

The provider with the occupational medicine group assessed bilateral cumulative

---

[1] Ms. Garcia claimed she reported the injury to her supervisor in July 2018 but did not file a formal report of injury until December 20, 2018.

repetitive trauma in the wrists and thumbs, prescribed splints and NSAIDs, and assigned temporary work restrictions. After a few visits, the provider recommended an EMG, and Ms. Garcia began seeing Dr. Kyle Joyner, who diagnosed carpal tunnel syndrome and treated her conservatively.

In response to a letter from the carrier, Dr. Joyner reviewed video of Ms. Garcia's job and concluded, "My opinion would therefore be that her job duties are less than 49% causational with regard to [her] carpal tunnel syndrome." Ideal later denied the claim.

Ms. Garcia filed an Expedited Hearing request on November 26, 2020, and the hearing was set. However, after the hearing was continued twice because of the Covid-19 pandemic, the parties agreed to a decision on the record. In its Docketing Notice, the Court identified the written materials it intended to consider and allowed the parties until May 19 to file position statements and any objections to the admissibility of those materials. Neither party filed an objection or additional position statements.[2]

**Findings of Fact and Conclusions of Law**

At this hearing, Ms. Garcia must present sufficient evidence demonstrating she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019). The Court holds she did not.

To prove a compensable injury, Ms. Garcia must show that her alleged injuries arose primarily out of and in the course and scope of her employment. This includes the requirement that she must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

The parties introduced a few medical records into evidence, but the only record addressing causation is Dr. Joyner's opinion that Ms. Garcia's job duties are less than forty-nine percent responsible for her carpal tunnel syndrome. Without a contrary opinion, Ms. Garcia appears unlikely to prove to a reasonable degree of medical certainty at trial that her work contributed more than fifty percent in causing her need for medical treatment.

Ms. Garcia also seeks temporary disability benefits. As noted above, she has not yet established she is likely to meet her burden of proving a compensable injury. Therefore,

---

[2] Ideal filed a Motion to Dismiss on February 27. However, because Ideal took no action to set the motion for hearing or comply with Tennessee Compilation Rules and Regulations 080-02-21-.18, the Court has not ruled on the motion.

the Court cannot find at this time that she appears likely to prevail on a claim for temporary disability benefits at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Garcia's claim against Ideal Clamp Products and its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. This case is set for a Status Hearing on July 22, 2020, at 9:00 a.m. Please call toll-free at 855-874-0473 to participate. Failure to call or appear might result in a determination of the issues without your further participation. All conferences are set using Central Time.

**ENTERED May 29, 2020.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Dr. Joyner's July 12, 2019 letter
2. Dr. Joyner's WorkLink Physician Report of June 12, 2019
3. Dr. Joyner's July 10, 2019 medical records
4. Dr. Joyner's June 4, 2019 medical records
5. Records from Middle Tennessee Occupational and Environmental Medicine dated December 27, 2018, January 4, 2019, January 11, 2019, April 3, 2019, April 5, 2019, and May 2, 2019
6. Return to Work form from Seven Springs Orthopedics dated July 3, 2019
7. Photos of production line and components
8. Video of production process
9. Affidavit of Maria Diaz Garcia

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Docketing Notice

5. Motion for Dismissal
6. Ideal's Statement in Opposition to Relief Requested
7. Ideal's Exhibit List


## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on May 29, 2020.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| Maria Diaz Garcia, Employee | X | X | 147 Old Waldron Rd. LaVergne, TN 37086 marikitas@7418@gmail.com |
| Behnaz Sulkowski, Employer's Attorney | | X | Behnaz.sulkowski@libertymutual.com |


/S/Penny Shrum_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries         $ _____ per month     Telephone       $ _____ per month

Electricity       $ _____ per month     School Supplies $ _____ per month

Water             $ _____ per month     Clothing        $ _____ per month

Gas               $ _____ per month     Child Care      $ _____ per month

Transportation    $ _____ per month     Child Support   $ _____ per month

Car               $_____ per month

Other             $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____      (FMV) _____

Other                   $ _____      Describe: _____

11. My debts are:

Amount Owed                     To Whom

_____           _____

_____           _____

_____           _____

_____           _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____